**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DAVID JOHNSON, PATRICK LYNCH, ROBERTO VERTHELYI and FREDERICK SHEARIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>W2007 GRACE ACQUISITION I, INC., TODD P. GIANNOBLE, GREGORY FAY, BRIAN NORDAHL, DANIEL E. SMITH, MARK RICKETTS, THE GOLDMAN SACHS GROUP, INC., GOLDMAN SACHS REALTY MANAGEMENT L.P., WHITEHALL PARALLEL GLOBAL REAL ESTATE LIMITED PARTNERSHIP 2007, W2007 FINANCE SUB, LLC, W2007 GRACE I, LLC and PFD HOLDINGS, LLC,<br><br>Defendants. | : | No. 2:13-cv-2777 (SHM/DKV)<br><br>**CLASS ACTION** |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

This Court having considered: the Stipulation and Agreement of Settlement, dated October 9, 2014 (the "Stipulation"), including all Exhibits thereto (the "Settlement"), between Named Plaintiffs David Johnson, Patrick Lynch, Roberto Verthelyi and Frederick Shearin (collectively "Named Plaintiffs"), on behalf of themselves and the Classes (as defined below) and Defendants W2007 Grace Acquisition I, Inc. ("W2007 Grace"), Todd P. Giannoble, Gregory Fay, Brian Nordahl, Daniel E. Smith, Mark Ricketts, The Goldman Sachs Group, Inc., Goldman Sachs Realty Management L.P., Whitehall Parallel Global Real Estate Limited

Partnership 2007, W2007 Finance Sub, LLC, W2007 Grace I, LLC and PFD Holdings, LLC (collectively, "Defendants"); and having held a hearing on September 11, 2015 (the "Final Approval Hearing"); and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order and Final Judgment (the "Judgment") incorporates herein and makes a part hereof, the Stipulation, including the Exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and overall all parties to the Action, including Class Members who did not timely file a valid request for exclusion from the Classes by the August 21, 2015 deadline pursuant to the Court's Order of Preliminary Approval of Class Action Settlement and Scheduling of Final Approval Hearing entered on September 11, 2015 (Docket No. 90) (the "Preliminary Approval Order").

**AFFIRMANCE OF CLASS CERTIFICATION**

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed R. Civ. P."), the Court certifies this Action as a class action for settlement purposes and confirms certification of the following settlement Classes, as ordered by the Court in the Preliminary Approval Order:

> Any and all persons or entities that, as of August 22, 2014 and through the Merger Effective Time, hold 8.75% Series B Cumulative Preferred Stock and/or 9.00% Series C Cumulative Preferred Stock issued by W2007 Grace Acquisition I, Inc. (collectively, the "Preferred Stock"), excluding: (a) Defendants and their affiliates, and (b) any persons or entities that validly (i) exercised dissenters' rights in the Merger or (ii) opted out of this class (the "Holder Class"). The Merger is the merger reflected in the Merger Agreement, whereby W2007 Grace will be merged with and into Merger Sub and all Series B Preferred Stock and Series C Preferred Stock, except for the Excluded Shares, shall be converted into the right to receive $26.00 per share. The Merger Effective Time occurs when the Tennessee Articles of Merger have been duly filed with the Secretary of State of the

State of Tennessee or at such later time as may be specified in the Tennessee Articles of Merger.

Any and all persons or entities that sold some or all of their Preferred Stock between October 25, 2007 and October 8, 2014, inclusive, and suffered a loss, excluding: (a) Defendants and their affiliates, and (b) any persons or entities that (i) sold shares to Defendant PFD Holdings, LLC in a private transaction or (ii) validly opted out of this class (the "Seller Class," and together with the Holder Class, the "Classes").

4. The Court confirms and incorporates its findings in the Preliminary Approval Order that the prerequisites for class certification under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that:

a. The Classes are of a sufficient size and geographical dispersion that joinder of all members of the Classes is impracticable, thus satisfying Fed. R. Civ. P. 23(a)(1).

b. There are questions of law and fact common to the Classes, thus satisfying Fed. R. Civ. P. 23(a)(2). Among the questions of law and fact common to the Class are: whether the Company's Charter was violated by Defendants' acts as alleged; whether Defendants breached their fiduciary duties by their conduct as alleged; whether Defendants engaged in insider trading in violation of Tennessee statutory law; and whether the members of the Classes have sustained damages and, if so, what is the proper measure thereof.

c. Named Plaintiffs' claims for violations of contractual, fiduciary and statutory duties arising under Tennessee law are typical of the Classes' claims, thus satisfying Fed. R. Civ. P. 23(a)(3).

d. Named Plaintiffs and their selected Class Counsel, Chimicles & Tikellis LLP ("Chimicles"), and Liaison Counsel, Hagler Bruce & Turner, PLLC

("HB&T"), will fairly and adequately protect the interests of the Holder and Seller Classes, thus satisfying Fed. R. Civ. P. 23(a)(4). Accordingly, Named Plaintiffs are appointed as representatives for the Holder and Seller Classes, Chimicles is appointed as Class Counsel for the Class, HB&T is appointed Liaison Counsel for the Class.

e. The questions of law and fact common to the Classes predominate over any questions affecting only individual members, thus satisfying Fed. R. Civ. P. 23(b)(3).

f. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, thus satisfying Fed. R. Civ. P. 23(b)(3).

5. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Classes.

**CLASS NOTICE AND OPT-OUTS**

6. The record shows that Notice has been given to the Classes in the manner approved by the Court in its Preliminary Approval Order (Docket No. 90). The Court finds that such Notice: (i) constitutes reasonable and the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise all members of the Classes who could reasonably be identified of the pendency of the Action, the terms of the Settlement, and the right to object to or exclude themselves from either or both Classes and to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process, Fed. R. Civ. P. 23 and any other applicable law.

7. No individuals or entities, other than those listed on Exhibit A hereto, have timely and validly excluded themselves from the Classes. This Judgment shall have no force or effect on the persons or entities listed on Exhibit A hereto.

## APPROVAL OF THE SETTLEMENT

8. In light of the benefits to the Classes, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued and protracted litigation, the Court hereby fully and finally approves the Settlement, pursuant to Fed. R. Civ. P. 23, as set forth in the Stipulation, and all attached Exhibits, in all respects, and finds that the Settlement is the result of arm's-length negotiations between experiences counsel representing the interests of the Holder and Seller Classes and Defendants. The Court has considered any submitted objections to the Settlement and hereby overrules them.

9. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

## DISMISSAL OF CLAIMS AND RELEASE

10. Except as to any individual claim of those Persons who have been excluded from the Classes (identified in Exhibit A attached hereto), the Action and all claims asserted in the Amended Complaint are dismissed with prejudice by the Named Plaintiffs, and other members of the Classes, and as against the Released Defendant Parties without costs, except for payments otherwise provided in the Stipulation.

11. The Court further, after review of the record of this Action, including the Amended Complaint and other motions, that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11, and in particular Fed. R. Civ. P. 11(b).

12. Upon the Effective Date of the Settlement (as defined in the Stipulation), Named Plaintiffs and all other members of the Classes (excluding those persons or entities listed in Exhibit A who timely and validly requested exclusion from the Classes), whether or not any such member of the Classes submits a Proof of Claim Form, shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Defendant Parties, with prejudice and on the merits, without costs to any Party.

13. Upon the Effective Date of the Settlement, Named Plaintiffs and all other members of the Classes, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Defendant Parties.

14. Upon the Effective Date of the Settlement, the Released Defendant Parties shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Releasing Plaintiffs, with prejudice and on the merits, without costs to any Party and the Released Defendant Parties are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claims against any of the Releasing Plaintiffs.

15. The fact and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a) shall not be construed, offered or received against Defendants, Named Plaintiffs or any other Released Party as evidence of, or deemed to be evidence of, any presumption, concession or admission by any of the Defendants, Named Plaintiffs or any other Released Party with respect to the truth of any fact alleged by Named Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any other action, or the adequacy or deficiency of any defense that has been or could have been asserted in the Action or in any other action, or of any liability, negligence, fault or wrongdoing of Defendants or any other Released Defendant Party;

(b) shall not be construed, offered or received against the Released Defendant Parties as evidence of, or deemed to be evidence of, any presumption, concession or admission of any liability, fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Named Plaintiffs or any other member of the Classes as evidence of any infirmity in the claims of Named Plaintiffs or those of any other member of the Classes;

(c) shall not be construed, offered or received against Defendants, Named Plaintiffs or any other Released Party as evidence of, or deemed to be evidence of, any presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; *provided*,

*however*, that if this Settlement is approved by the Court, the Released Parties may refer to it to effectuate the liability protections granted them hereunder;

(d) shall not be construed, offered or received against Defendants, Named Plaintiffs or any other Released Party as evidence of, or deemed to be evidence of, any presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed, offered or received against Named Plaintiffs or any other member of the Classes as evidence of, or deemed to be evidence of, any presumption, concession or admission that any of Named Plaintiffs', or any other member of the Classes' claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

16. Any plan for allocating the Net Seller Class Settlement Fund to eligible members of the Seller Class or request for attorneys' fees and reimbursement of expenses and contribution awards for each Named Plaintiff, submitted by Class Counsel, shall in no way disturb or affect this Judgment or any releases contained herein, and shall be considered separate from this Judgment.

**CONTINUING JURISDICTION**

17. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to: (i) the implementation, administration, consummation, enforcement and interpretation of the Settlement; (ii) the allowance, disallowance or adjustment of any claim made by members of the Classed on equitable grounds and any award or distribution of the Settlement Amount; (iii) the disposition of the Settlement Amount; (iv) the adjudication and determination of Class Counsel's request for an award of

attorneys' fees and expenses and case contribution awards for each Named Plaintiff; (v) the enforcement and administration of this Judgment; (vi) the enforcement and administration of the Stipulation, including any releases executed in connection therewith; and (vii) other matters related or ancillary to the foregoing.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (i) all orders entered and releases delivered in connection with this Order shall be null and void to the extent provided by and in accordance with the Stipulation; (ii) the fact of the Settlement and papers submitted in support of the Settlement shall not be admissible in any trial in connection with the Action and the parties to the Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before August 20, 2014; and (iii) the balance of the Settlement Amount, less any Notice and Administration Expenses paid or incurred and less any Taxes paid, incurred, or owing, shall be returned in full as provided in the Stipulation.

It is so ORDERED this _____ th day of ________________, 2015.

___________________________________

The Honorable Samuel H. Mays, Jr.
United States District Judge