UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAVID JOHNSON, PATRICK LYNCH, ROBERTO VERTHELYI and FREDERICK SHEARIN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> W2007 GRACE ACQUISITION I, INC., TODD P. GIANNOBLE, GREGORY FAY, BRIAN NORDAHL, DANIEL E. SMITH, MARK RICKETTS, THE GOLDMAN SACHS GROUP, INC., GOLDMAN SACHS REALTY MANAGEMENT L.P., WHITEHALL PARALLEL GLOBAL REAL ESTATE LIMITED PARTNERSHIP 2007, W2007 FINANCE SUB, LLC, W2007 GRACE I, LLC, and PFD HOLDINGS LLC, <br><br> Defendants. | CASE NO.: 2:13-CV-2777-SHM-dkv <br><br> **CLASS ACTION** |

**PLAINTIFFS' UNOPPOSED MOTION FOR
DISTRIBUTION OF THE NET SELLER CLASS SETTLEMENT FUND**

On October 8, 2014, the Settlement[1] was entered into between: plaintiffs David Johnson ("Johnson"), Patrick Lynch ("Lynch"), Roberto Verthelyi ("Verthelyi"), and Frederick Shearin ("Shearin") (together, "Named Plaintiffs"), individually and on behalf of the Classes they represent; and, W2007 Grace Acquisition I, Inc., Todd P. Giannoble, Gregory Fay, Brian Nordahl, Daniel E. Smith, Mark Ricketts, The Goldman Sachs Group, Inc., Goldman Sachs

---

[1] "Settlement" means the terms and conditions of the Settlement Agreement dated October 8, 2014 ("Settlement Agreement") that was filed as Exhibit "A" to the Declaration of Kimberly Donaldson Smith in Support of Plaintiffs' Motion for Order of Preliminary Approval of Class Action Settlement and Scheduling of Final Approval Hearing (ECF No. 77-1).

1

Realty, Management L.P., Whitehall Parallel Global Real Estate Limited Partnership 2007, W2007 Grace Finance Sub, LLC, W2007 Grace I, LLC, and PFD Holdings LLC, (together, "Defendants"). On December 4, 2015 the Court granted final approval of the Settlement (including the Plan of Allocation) (ECF No. 135, the "Final Approval Order").

Class Counsel has been notified by the claims administrator, Angeion Group ("Angeion"), that it has concluded, in accordance with the Stipulation and Plan of Allocation[2], the receipt and processing of the claims by the members of the Seller Class[3], and it is prepared to make the proposed allocation and distribution of the Net Seller Class Settlement Fund[4] to the Authorized Claimants, upon Court approval. The Seller Class Settlement Fund is the designated account formed to hold the $6,000,000 million Defendants paid pursuant to the Settlement Agreement (ECF No. 77-1) at ¶1(sss) and ¶14.

Therefore, in accordance with the Final Approval Order (page 51, ¶24), and terms of the Settlement and Plan of Allocation, Plaintiffs, by Class Counsel, respectfully move for an order

---

[2] The "Plan of Allocation" means the plan approved by the Court in the Final Approval Order at page 50 (¶22)), and which was attached to the Stipulation as Exhibit 5 (Exhibit 5-A to the Declaration of Kimberly Donaldson Smith in Support of Plaintiffs' Motion for Order of Preliminary Approval of Class Action Settlement and Scheduling of Final Approval Hearing (ECF No. 77-6)). Capitalized terms herein (such as "Authorized Claimants") have the same meaning as set forth in the Plan of Allocation.

[3] The Seller Class, which is the Class certified by the Court that is pertinent to this Motion, is defined as:
> Any and all persons or entities that sold some or all of their Preferred Stock between October 25, 2007, and October 8, 2014, inclusive (the "Seller Class Period"), and suffered a loss, excluding: (a) Defendants and their affiliates, and (b) any persons or entities that (i) sold shares to Defendant PFD Holdings, LLC in a private transaction or (ii) validly opted out of this class (the "Seller Class").

Final Approval Order at page 41-42 (¶1), ECF No. 135.

[4] "Net Seller Class Settlement Fund" means the balance remaining in the Seller Class Settlement Fund after deduction of: (i) Seller Class Notice and Administration Expenses; (ii) any award of Seller Class-related litigation expenses not to exceed $150,000; (iii) payments for any Taxes and Tax Expenses (defined in ¶21 [of the Settlement Agreement]; and (iv) costs for escrow services, if any. *See,* Settlement Agreement at") that was filed as Exhibit "A" to the Declaration of Kimberly Donaldson Smith in Support of Plaintiffs' Motion for Order of Preliminary Approval of Class Action Settlement and Scheduling of Final Approval Hearing (ECF No. 77-1).

with respect to the Seller Class Settlement Fund:

 (i) approving the administrative determinations of Angeion concerning the claims filed with respect to the Seller Class Settlement Fund;

 (ii) approving the distribution of the Net Seller Class Settlement Fund to the accepted Authorized Claimants;

 (iii) no further claims or claim forms received by Angeion shall be processed or allowed;

 (iv) authorizing payment of fees and expenses associated with the administration of the Net Seller Class Settlement Fund consisting of:

  (a) $8,763.38 payment from the Net Seller Class Settlement Fund to Angeion for costs incurred in connection with services performed with respect to administering the Net Seller Class Settlement Fund;

  (b) $4,711.30 payment of estimated costs that Angeion expects to incur through distribution of the Net Seller Class Settlement Fund and completion of administration; and,

  (c) $5,000 for work performed by GlenDevon Group, Inc. ("GDG") with respect to advising Angeion and Class Counsel concerning the application of the Plan of Allocation;

 (v) Plaintiffs, Class Counsel, Angeion, and all persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims filed, or who are otherwise involved in the administration or taxation of the Net Seller Class Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and pursuant to the release terms of the Settlement, all Class

members or any other persons, whether or not they are to receive payment from the Net Seller Class Settlement Fund, are hereby barred from making any further claim against the Net Seller Class Settlement Fund beyond the amount allocated to them by the Settlement approved by the Court; and,

(vi) authorizing destruction of paper copies of Proof of Claim forms and claim records one year after final distribution of the Net Seller Class Settlement Fund, and authorizing destruction of electronic copies of Proof of Claim forms and claim records three years after final distribution of the Net Seller Class Settlement Fund.

The basis for this Motion is as follows and as set forth in the <u>Declaration of Charles E. Ferrara for Claims Administrator Angeion Group</u> ("Ferrara Decl."), filed as Exhibit 1 hereto:

1. On April 30, 2015, the Court issued the Preliminary Approval Order (ECF. No. 90) granting preliminary approval of the Settlement between Plaintiffs, individually and on behalf of the Classes they represent, and Defendants in this action. Among other things, the Settlement provided that in full and complete settlement of the claims asserted in the Action on behalf of the Seller Class against Defendants, in consideration of the releases specified in ¶¶ 4-5 of the Settlement Agreement and upon the Effective Date of the Settlement, W2007 Grace was to have deposited (and did) into the escrow account a total of $6,000,000 to establish the Seller Class Settlement Fund. *See* Settlement Agreement ¶14.

2. On December 4, 2015, the Court entered the Final Approval Order granting final approval to the Settlement and the Plan of Allocation, which described the procedures and methods for Angeion to allocate and distribute the Net Seller Class Settlement Fund to the eligible members of the Seller Class. *See,* Final Approval Order at page 50--51 (¶¶22-24). Pursuant to the Final Approval Order, the Court has retained jurisdiction over the action, the

parties, and Class members. *See, id.* at page 49 (¶18).

3. Angeion advised Class Counsel that it has concluded, in accordance with the Stipulation and Plan of Allocation, the receipt and processing of the claims by the members of the Seller Class, and it is prepared to make the proposed allocation and distribution of the Net Settlement Fund to the Authorized Claimants, upon Court approval.

**I.    Receipt and Processing of Claim Forms**

4. In accordance with the Final Approval Order and the Court's approval of the Plan of Allocation, Angeion was retained to mail and process returned Proof of Claim and Release forms ("Claim Forms" or "Claims")[5].

5. Members of the Seller Class were required to submit a Claim Form and supporting documentation to the Claims Administrator postmarked no later than September 18, 2015, in order for the Claims Administrator to determine whether such Seller Class Member was eligible to potentially share in the proceeds of the Net Seller Class Settlement Fund pursuant to the Stipulation of Settlement and Plan of Allocation.

6. As detailed in the Ferrara Decl. ¶¶ 8 -10, as of April 21, 2016, Angeion received and processed 449 Claims from potential members of the Seller Class. The 449 Claims included 325 "hard-copy" "paper" Claim Forms and 124 Claims that were created and processed from the electronically filed data, described in the Ferrara Decl.

7. With respect to the electronically filed claims, Angeion processed the Claims as set forth in Ferrara Decl. ¶ 14. With respect to the paper Claims, Angeion used the following

---

[5]    The Claim Form approved by the Court was attached as Exhibit 3 to the Declaration Of Kimberly Donaldson Smith In Support Of Named Plaintiffs' (1) Motion For Final Approval Of Class Action Settlement, Certification Of Settlement Classes And Approval Of Seller Class Plan Of Allocation And (2) Motion For Award Of Attorneys' Fees, Reimbursement Of Expenses And Named Plaintiffs' Contribution Awards. (ECF No. 94).

5

procedure to process all paper Claims submitted to Angeion:

    (a)    envelopes received from the Post Office were opened and sorted into correspondence, such as requests for Claim Forms, and actual completed Claim Forms;

    (b)    the correspondence received was reviewed and responded to accordingly;

    (c)    the Claim Forms were opened and all documentation submitted with a Claim Form was grouped with that Claim Form, and each Claim Form was assigned a unique claim number. Each Claim Form was imaged and the original documents were stored in an on-site designated secure area;

    (d)    the information from each Claim Form, including the name, address, Employer I.D. or Social Security Number, and the holdings, purchase and sale transactions listed on the claim were entered into data files housed on Angeion's secure network; the documentation provided in support of each claim by the claimant was reviewed to ascertain whether the claimant had in fact sold W2007 Series B or Series C Preferred Stock during the time period from October 25, 2007 through October 8, 2014, inclusive (the "Seller Class Period"), which was necessary to ensure the claimant was a member of the Seller Class; and

    (e)    Claims were then reviewed to confirm they had not been submitted by or on behalf of excluded persons, i.e., (a) Defendants W2007 Grace, Todd P. Giannoble, Gregory Fay, Brian Nordahl, Daniel E. Smith, Mark Ricketts, The Goldman Sachs Group Inc., Goldman Sachs Realty Management L.P., Whitehall Parallel Global Real Estate Limited Partnership 2007, W2007

6

>Finance Sub, LLC, W2007 Grace I, LLC, and PFD Holdings LLC, and each of their respective affiliates; and (b) any persons or entities that sold shares to Defendant PFD Holdings, LLC in a private transaction.

*See* Ferrara Decl. ¶¶ 10.

## II.   The Claims Review and Approval Process

8.   A part of the Claims review and approval process, Angeion identified that certain claimants did not provide pertinent information and documentation that was necessary in order to calculate Recognized Loss pursuant to the Plan of Allocation. *See* Ferrara Decl. ¶ 11.

9.   As set forth in the Ferrara Decl. ¶ 11, 169 of the Claims were not eligible because the claimant did not sell the Preferred Stock during the Seller Class Period, was excluded from the Seller Class definition, represented a duplicate Claim (Denied Claims) or was deemed deficient because sufficient information such as purchase and/or sale dates were not provided (Deficient Claims).  For example, under the Plan of Allocation and as explained to the members of the Seller Class in the Notice of Pendency of Class Action and Proposed Settlement (Exhibit 4 to the Settlement Agreement)[6], the determination of damages and Recognized Loss for Seller Class members takes into account whether the member of the Seller Class had purchased their Preferred Stock *prior to* or *after* the company ceased to be an SEC-reporting company.  The difference is that those who purchased the Preferred Stock for the first time *after,* deemed the "In and Out Transactions," made purchase decisions with knowledge of the restricted access to timely, accurate and complete financial information, unlike those members of the Seller Class who had purchased the Preferred Stock when the company was an SEC-reporting company.  Accordingly,

---

[6] Exhibit 4-A to the Declaration of Kimberly Donaldson Smith in Support of Plaintiffs' Motion for Order of Preliminary Approval of Class Action Settlement and Scheduling of Final Approval Hearing (ECF No. 77-5)).

some of the deficient Claim Forms did not identify whether the purchases were prior to or after October 25, 2007, the date the company was acquired by W2007 Grace and its affiliates and then-ceased to be an SEC-reporting company.

10. Once Denied and Deficient Claims were identified, on a rolling basis and as of April 26, 2016, Angeion sent a total of 169 Deficient Claim Notices and Denied Claim Notices (collectively, "Ineligible Notices") to those who filed paper Claims. Ferrara Decl. ¶ 11. With respect to the electronic Claims, Angeion contacted the banks and other nominees who filed claim/transactional data electronically. Ferrara Decl. ¶ 14. Angeion provided to each broker/nominee who submitted claims electronically, a Transaction Report which listed the data contained in their submission. *Id.* The Transaction Report annotated which portions of the information were incorrect or incomplete. *Id.*

11. The Ineligible Notices and the Transaction Reports advised claimants that they needed to respond and correct the indicated deficiency within twenty (20) days, and that the failure to do so would the claim was rejected if the claimant did not supply the required documentation or information for any transactions within the twenty (20) day time period. Ferrara Decl. ¶ 15.

12. Angeion received and processed over 68 responses to the Ineligible Notices and Transaction Reports, which responses included information or documents to cure or affect the Deficient Claims in whole or in part. Ferrara Decl. ¶ 16. After its review and processing, Angeion updated the list of Authorized Claimants and conducted the Recognized Loss calculations in accordance with the Plan of Allocation. *Id.*

13. Prior to notifying Class Counsel that the Claims Review and Approval Process was completed, Angeion also undertook a quality assurance review. Ferrara Decl. ¶ 17. The review

procedures ensure the correctness and completeness of all of the claims processed prior to preparing this Declaration and all of Angeion's final documents in support of distribution of the Net Seller Class Settlement Fund. *Id.* Under those review procedures, Angeion:

(a) Verified that all Claim Forms had authorized signatures;

(b) Verified that true duplicate claims were identified, verified, and rejected;

(c) Performed a final quality assurance audit of claims and all supporting documentation to ensure completeness of claims;

(d) Determined that all claimants whose claims were rejected were notified of the claim's status;

(e) Performed an audit of deficient claims;

(f) Audited claims that were invalid;

(g) Audited claims with a Recognized Loss amount equal to zero;

(h) Performed other auditing based on claims completion requirements and the approved calculation specifications included in the Court-approved Plan of Allocation; and

(i) Tested the accuracy of the Recognized Loss amount calculation.

14. Throughout the Claims Administration process, Angeion and Class Counsel were in contact about and discussed all of the foregoing.

## III. Request For Approval of Claims

### A. *Timely and Valid Claims by Authorized Claimants.*

15. Angeion received a total of 449 Claims, of which 439 were timely, meaning they were postmarked on or before the Court-approved Claims filing deadline of September 18, 2015 which was set forth in the Notice. Ferrara Decl. ¶¶18-19. Based on the work conducted by

9

Angeion outlined above and in the Ferrara Decl., Angeion determined that of the 439 timely Claims, 206 are valid and Authorized Claimants. The total Recognized Loss for such Claims is $6,721,118.55. *Id.*

### B. *Untimely Claims Proposed to be Accepted.*

16. As of April 26, 2016, Angeion received 10 Claims after the Court-approved claims filing deadline of September 18, 2015, of which 8 Claims are valid, which was determined after Angeion proceeded to review, process and follow up with the claimant concerning any deficiencies. Ferrara Decl. ¶ 20. The total Recognized Loss for these untimely filed, but otherwise valid Claims is $31,554.60. *Id.*

17. At Class Counsel's direction, Angeion processed the 10 Claims that were untimely. Ferrara Decl. ¶ 21. Because Angeion was continuing to follow up with the Deficient Claims, there was no delay that resulted from the provisional acceptance of those untimely Claims, which were processed while the other timely Claims were also being processed. Class Counsel, as does Angeion, believe that when the equities are balanced, it is appropriate to include the untimely Claims. *Id.* Accordingly, Class Counsel respectfully requests that the Court approve the inclusion in the distribution of the 8 untimely, but otherwise valid Claims.

18. Sufficient time has now passed since the Court-approved claims filing deadline of September 18, 2015, and there must be a final cut-off date after which no more Claims may be accepted so that the requested proportional distribution of the Net Seller Class Settlement Fund may occur. Accordingly, acceptance of any claim received after preparation of this Motion would necessarily require a delay in the distribution. Therefore, it is also respectfully requested that the Court order that any further submitted late claims not identified on Exhibit C to the Ferrara Decl. shall not be entitled to share in any distributions of the Net Seller Class Settlement Fund.

### C. Recommendation.

19. Over the course of several months, as the Ferrara Decl. details, Angeion has followed up extensively and individually with Seller Class members with respect to their Claims. Angeion also undertook a quality assurance review to ensure the correctness and completeness of all of the claims processed prior to preparing this Declaration and all of Angeion's final documents in support of distribution of the Net Seller Class Settlement Fund. Ferrara Decl. ¶17.

20. After all of those efforts, as noted in Ferrara Decl. ¶¶23-25, a total of 197 claims were rejected in whole or in part for the following reasons:

- 142 Claims did not involve sales during the Class Period, and therefore, the claimants were not members of the Seller Class[7];

- 6 Claims were duplicate;

- 46 Claims had uncured deficiencies; and

- 3 Claims were ineligible because they were from persons or entities that sold shares to Defendant PFD Holdings, LLC in a private transaction, which is an Excluded Party from the Seller Class (*see* fn. 3, *supra*).

21. Angeion consulted with Class Counsel regarding these conclusions, and as described in Ferrara Decl. ¶¶11-17, notified all the rejected claimants of the disposition of their Claims with an Ineligible Notice for paper claims or a Transaction Report for claims filed electronically.

---

[7] Members of the Holder Class (persons who hold the Preferred Stock and are receiving the $26 per share Consideration) completed and submitted Claim Forms even though the Claim Forms did not apply to the Holder Class Settlement and were to only be completed by the members of the Seller Class.

11

22. Additionally, 38 claims had a Recognized Loss amount of zero ("No Loss") as calculated under the Court-approved Plan of Allocation, and Angeion sent a No Loss letter to each. Ferrara Decl. ¶25.

23. Based on Angeion's administration of the Settlement as required by orders of the Court, Angeion and Class Counsel recommend that <u>214</u> Claims set forth on Exhibit C, Parts One and Two to Ferrara Decl. are Authorized Claimants of the Seller Class, with a total Recognized Loss of $6,752,673.15, to which a *pro rata* distribution of the Net Seller Class Settlement Fund should be made in accordance with the Plan of Allocation. Ferrara Decl. ¶ 17.

24. Accordingly, Class Counsel requests approval for the payment to the 206 valid, timely Authorized Claimants and the 8 untimely but otherwise valid Authorized Claimants of their distribution from the Net Seller Class Settlement Fund in accordance with the Plan of Allocation.

## IV. *Pro Rata* Distribution of the Net Seller Class Settlement Fund Among Authorized Claimants.

25. The Authorized Claimants of the Seller Class have a total Recognized Loss of $6,752,673.15. If the Court grants this Motion and enters the proposed Order, Angeion will calculate the *pro rata* distribution amounts for each Authorized Claimant determined by the Recognized Loss per share as set forth in the Plan of Allocation, taking into consideration the *de minimis* distribution threshold of $24. Ferrara Decl. ¶¶ 27-30.

26. Angeion will prepare checks and check registers of such distribution and mail the checks by prepaid first class mail. Payments distributed by check to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED 120 DAYS AFTER ISSUE DATE." *Id.*

27. Angeion will also issue replacement checks upon request by payee and will answer inquiries about claim calculations and checks. *Id.*

## V. Expenses Requested to be Paid / Reserved from the Seller Class Settlement Fund Prior to the Distribution

28. The Settlement and Final Approval Order provide that Counsel may request payment from the Seller Class Settlement Fund Class for: (a) the cost of the Seller Class Claims Administration, which Class Counsel estimated in its papers in support of Final Approval of the Settlement to be approximately $50,000; and (b) reimbursement of up to $150,000 in Seller-Class related litigation expenses.

29. First, with respect to the Seller Class Claims Administration, to date Angeion: (i) has been paid $23,349.44; (ii) has incurred but not been paid $8,763 for fees and expenses through April 27, 2016; and (iii) estimates administration costs through the completion of the administration to be $4,711.30. *See,* Ferrara Decl. ¶¶ 32-35 and Exhibits E and F thereto. Notably, it is projected that the total amount of the Seller Class Claims Administration Cost will be less than $50,000. Accordingly, Class Counsel respectfully requests that the Court authorize:

> (a) payment of the $8,763 from the Seller Class Settlement Fund for unpaid fees and unreimbursed expenses incurred through April 27, 2016; and
>
> (b) payment of $4,711.30 from the Seller Class Settlement Fund for the estimated administration costs that Angeion expects to incur through the distribution of the Net Seller Class Settlement Fund and completion of administration.

30. Second, with respect to the reimbursement of up to $150,000 in Seller Class related litigation expenses, Class Counsel requested and the Court approved in the Final Approval Order the payment of $144,481.37 in Seller Class-related expenses. After the time Class Counsel filed its Motion for Final Approval, Class Counsel incurred an additional Seller

13

Class related expense in the amount of $5,000 for work performed by GlenDevon Group, Inc. ("GDG") with respect to advising Angeion and Class Counsel concerning the application of the Plan of Allocation and analysis of selected claimant data. *See* Exhibit 2, hereto.  As set forth in ¶50 of the Declaration of Kimberly Donaldson Smith In Support Of Named Plaintiffs' Motion For Final Approval Of Class Action Settlement (Dkt. No. 94), GDG was retained to analyze potential damages for the Seller Class and to prepare the Plan of Allocation.  Accordingly, Class Counsel respectfully requests reimbursement in the amount of $5,000 from the Seller Class Settlement Fund for the work performed by GDG.  If the Court approves the payment, the total amount of the Seller Class related litigation expenses will be less than the $150,000 provided for in the Settlement and Notice.

## VI.     Remaining Balance in the Net Seller Class Settlement Fund

31.     In accordance with the Plan of Allocation, for any funds remaining 120 days from the initial distribution of the Net Seller Class Settlement Fund, after payment of all costs as requested herein and after Angeion has made reasonable and diligent efforts to contact Authorized Claimants who have not cashed their distribution checks, Angeion will redistribute those remaining funds among Authorized Claimants who cashed their initial distribution check in an equitable and economic manner, ***if economically feasible***, until all Authorized Claimants have recovered 100% of their Recognized Losses, as determined under the Plan of Allocation (the "Subsequent Distribution").

32.     If, after the Subsequent Distribution, and the payment in full of all Seller Class Claims Administration Fees and Expenses has occurred, there remains any residual balance in the Net Seller Class Settlement Fund (the "Residual"), then Angeion shall distribute the Residual

pro rata to the Holder Class, as set forth in the Plan of Allocation, *subject to there being a sufficient Residual to effectuate such Subsequent Distribution.*

33. The total Recognized Loss of all Authorized Claimants is $6,752,673.15. Ferrara Decl. ¶22 The Recognized Loss is greater than the *gross* Seller Class Settlement Fund of $6,000,000. Therefore, the full amount of the Net Seller Class Settlement Fund will be distributed *pro rata* to the Seller Class Authorized Claimants in accordance with the Plan of Allocation. If all Seller Class Authorized Claimants cash their distribution checks, there will be no Residual.

34. Assuming this Court approves payments of: (a) $8,763.38 and $4,711.30 to Angeion for Administration costs (see Exhibits E and F); and (b) $5,000 to GlenDevon for additional Seller Class related expenses, the estimated Net Seller Class Settlement Fund amount available for distribution would be $5,801,618.09. Given that the total Recognized Loss for all 214 claims recommended herein for payment is $6,752,673.15, each Authorized Claimant in the Seller Class will receive approximately 85.9% of their Recognized Loss in the initial distribution. Ferrara Decl. ¶ 28.

35. If any balance remains in the Net Seller Class Settlement Fund after the expiration of 90 calendar days after the expiration of the distribution checks sent in any final Subsequent Distribution and it is economically unfeasible to make any further distributions, such balance will be disbursed in accordance with Class Counsel's suggestions pursuant to *cy pres* principles, and as approved upon request to and by the Court. Ferrara Decl. ¶¶ 37-39.

36. Finally, Class Counsel recommends that: one (1) year after the final distribution of the Net Seller Class Settlement Fund, Angeion shall be permitted will destroy the paper copies of the Proofs of Claim and all supporting documentation; and that three (3) years after the final

15

distribution of the Net Seller Class Settlement Fund, Angeion shall be permitted to destroy the electronic copies of the Proofs of Claim and all supporting documentation. Ferrara Decl. ¶ 31.

### VII. Conclusion.

37. Defendants do not oppose this Motion.

38. Based on the foregoing and Class Counsel's Motion for Distribution, it is respectfully requested that this Court enter the proposed Order provided by Class Counsel.

Dated: April 29, 2016					Respectfully submitted,

| | |
|---|---|
| Van D. Turner, Jr.  (TN Id. # 022603) | /s/  *Kimberly M. Donaldson Smith* |
| Hagler Bruce & Turner, PLLC | Chimicles & Tikellis LLP |
| 2650 Thousand Oaks Boulevard, Suite 2140 | Nicholas E. Chimicles (PA-17928) |
| Memphis, Tennessee 38118 | Kimberly M. Donaldson Smith (PA- 83116) |
| (901) 522-9161 | Catherine Pratsinakis (PA- 88062) |
| | 361 Lancaster Ave. |
| *Liaison Counsel* | Haverford, PA 19041-1554 |
| | Telephone: (610)642-8500 |
| | |
| | *Counsel for Named Plaintiffs and Class Counsel* |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on April 29, 2016 a copy of PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF THE NET SELLER CLASS SETTLEMENT FUND, EXHIBITS THERETO, and a PROPOSED ORDER were served electronically on all counsel of record via the Court's CM/ECF system.

                                                      */s/ Kimberly M. Donaldson Smith*
                                                      Kimberly M. Donaldson Smith